FILED

NOT FOR PUBLICATION

MAY 14 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

SONYA WILLIAMS, individually, and on behalf of other members of the general public similarly situated,

        Plaintiff - Appellant,

 v.

VEOLIA TRANSPORTATION SERVICES, INC., a Maryland corporation,

        Defendant - Appellee.

No. 09-56031

D.C. No. 2:08-cv-02582-GW-AGR

MEMORANDUM [*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted May 3, 2010
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW, [**] District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiffs-Appellants Sonya Williams and Carmen Hita (collectively "Plaintiffs") appeal the denial of their motion for class certification. In the underlying action, Plaintiffs allege that Defendant-Appellee Veolia Transportation Services, Inc. unlawfully deprived its employees of rest periods. The district court denied class certification after finding that the proposed class and alternative sub-class did not meet the requirements of Federal Rule of Civil Procedure ("Rule") 23(b)(3). We have jurisdiction under 28 U.S.C. § 1292(e) and Rule 23(f), and we affirm.

The district court properly focused on the balance between the individual and common issues presented in this case and did not abuse its discretion in finding that the individual issues predominated. Plaintiffs contend that all that is necessary to warrant class certification is a showing that Veolia deprived each purported class member of only one rest period and that the district court erred in failing to address this argument. This argument oversimplifies the relevant inquiry. Analyzing the predominance requirement necessitates looking at both the substantive issues of the underlying claim and the proof relevant to each issue. *In re Wells Fargo Home Mortgage Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009). Here, the substantive issue is common to all purported class members: whether they were unlawfully deprived of a rest period. However, this common

2

issue "does nothing to facilitate common proof of the otherwise individualized issues" of what route and type of service Veolia operates and whether Veolia in fact deprived each of its employees of rest periods. *Id.*

Consequently, the district court did not abuse its discretion when it looked past the question of whether each putative class member suffered an injury and instead focused on the proof necessary to show a violation of Industrial Welfare Commission Order 9-2001. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 947 (9th Cir. 2009) (examining the individual inquiries that will arise in the plaintiffs' effort to prove the employer's allegedly unlawful action).

Similarly, the district court did not abuse its discretion when conducting the superiority analysis. The district court properly weighed the four factors listed in Rule 23(b)(3) and did not make a clear error of judgment in concluding that class certification was not the superior method of resolving the issues in this case. *See Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1190–92 (9th Cir. 2001).

*Dukes v. Wal-Mart Stores, Inc.* is inapplicable because it analyzes class certification pursuant to Rule 23(b)(2), which was not the basis for class certification in this case. Nos. 04-16688, 04-16720, 2010 WL 1644259, at *41 (9th Cir. Apr. 26, 2010) (en banc) (directing the district court to address in the first instance class certification under Rule 23(b)(3) on remand).

3

**AFFIRMED.**